IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02657-BNB

DAVID L. COLLINS,

Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
CORRECTIONS CORPORATION OF AMERICA,
ARISTEDES ZAVARAS,
MERYL DOHRMANN,
JAMES LANDER,
J. D. SCOLLARD,
MARISSA SCHNELL,
SWARTZ,
PUETT, and
SARGENT JOHN DOE,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 3 0 2009

GREGORY C. LANGHAM
CLERK

## ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

Plaintiff, David L. Collins, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Kit Carson Correctional Center in Burlington, Colorado. Mr. Collins filed *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993) seeking money damages and declaratory and injunctive relief. He was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and paid an initial partial filing fee.

On December 29, 2008, Mr. Collins filed *pro se* a "Motion for Proliminary [sic] Injunction and Temporary Restraining Order" and a supporting brief. The Court must

construe the motion liberally because Mr. Collins is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motion for a preliminary injunction and temporary restraining order will be denied.

In the liberally construed motion for a preliminary injunction and temporary restraining order, Mr. Collins alleges that he needs to keep his legal research and personal property from being confiscated, and he asks not to be placed in administrative segregation based upon his requests for safety. In the complaint, he appears to allege four claims: (1) that the DOC's policy of placing convicted sex offenders in cells with gang members violates his Eighth Amendment rights against cruel and unusual punishment, (2) that his transfer to a prison facility that does not offer sex offender treatment required for purposes of parole violates his due process rights, (3) that three defendant therapists placed his life in danger either by publicizing his sex-offender status to co-inmates or by transferring him to a facility where he was housed with white supremacist gang members in violation of his Eighth Amendment rights, and (4) that his placement in a pod with white supremacist gang members resulted in his assault by a co-inmate in violation of his Eighth Amendment rights.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the

public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. *See* Fed. R. Civ. P. 65(b).

Mr. Collins fails to allege specific facts that demonstrate he is facing immediate and irreparable injury. Although in the complaint he asserts that he was attacked in the past, he does not assert that he now is in immediate danger of being attacked. His claim of future injury is speculative. Accordingly, it is

ORDERED that the "Motion for Proliminary [sic] Injunction and Temporary Restraining Order" that Applicant, David L. Collins, filed with the Court on December 29, 2008, is DENIED.

DATED at Denver, Colorado, this 30 day of January, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02657-BNB

David L. Collins
Prisoner No. 122803
Kit Carson Corr. Center
PO Box 2000
Unit EA107B
Burlington, CO 80807

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/30/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk