IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08–cv–02657–WYD–KMT

DAVID L. COLLINS,

Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
CORRECTIONS CORPORATION OF AMERICA,
ARISTEDES ZAVARAS,
MERYL DOHRMANN,
JAMES LANDER,
J.D. SCOLLARD,
MARISSA SCHNELL,
SWARTZ,
PUETT, and
SARGENT REDIESEL,

Defendants.

---

**ORDER**

---

This matter is before the court on Plaintiff's "Reconsideration of Minute Order KMT" (Doc. No. 72) and "Motion to Produce Document(s)" (Doc. No. 73) filed September 15, 2009,

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Plaintiff's motion, construed as a Rule 60(b) motion, fails to state a basis for relief. A

motion for reconsideration is limited to a narrow set of circumstances. "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law . . . . It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete v. John Does, I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Van Skiver*, 952 F.2d at 1243). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). Rule 60(b) itself, however, provides explicit reasons for which relief may be granted:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(e); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). Furthermore, it should be noted that "[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990). Plaintiff's motion for reconsideration presents no circumstances under which reconsideration is warranted.

In addition, Plaintiff's Motion to Produce Documents is premature, as no scheduling order is in place. The court also notes the motion is directed at the court, rather than the defendants.

Finally, Plaintiff failed to confer with Defendant before filing the present motion. The Tenth Circuit has cautioned that *pro se* litigants "must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) ("[W]e have repeatedly upheld dismissals in situations where the parties themselves neglected their cases or refused to obey court orders."(citing cases)). The Local Rules of Practice for the District of Colorado require all parties to confer on motions and other disputes before a motion is filed. D.C.Colo.LCivR 7.1A; *see also Visor v. Sprint*, 1997 WL 796989 (D. Colo. 1997). The court reminds Plaintiff of the duty to confer and cautions that future motions filed without conferring may be stricken.

Accordingly, It is

ORDERED that Plaintiff's "Reconsideration of Minute Order KMT" (Doc. No. 72) and "Motion to Produce Document(s)" (Doc. No. 73) are DENIED.

Dated this 21st day of September, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge