IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08–cv–02657–WYD–KMT

DAVID L. COLLINS,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
CORRECTIONS CORPORATION OF AMERICA,
ARISTEDES ZAVARAS,
MERYL DOHRMANN,
JAMES LANDER,
J.D. SCOLLARD,
MARISSA SCHNELL,
SWARTZ,
PUETT, and
SARGENT REDIESEL,

    Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**Kathleen M. Tafoya**
**United States Magistrate Judge**

    Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §

1915. ([Doc. No. 9] [filed December 17, 2008].) Section 1915(b)(2) requires an indigent inmate

plaintiff to make "monthly payments of 20 percent of the preceding month's income credited to

his account" until the filing fee is paid in full. 28 U.S.C. § 1915. Plaintiff has been instructed to

make such payments or to show cause why he cannot.  (*See* Order Granting Plaintiff Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. No. 9), issued December 17, 2008.)

## BACKGROUND

On September 2, 2009 this court issued the Order Directing Plaintiff to Make Monthly Filing Fee Payment or to Show Cause.  ([Doc. No. 71] [hereinafter "Order to Show Cause"].)  Plaintiff was ordered either to make the required monthly payments or to show cause why he had no assets and no means by which to make the monthly payments for the months of February 2009 through August 2009.  Plaintiff was warned that failure to comply with that Order would result in the dismissal of his Complaint and the action.

Plaintiff has made several filing since September 2, 2009, but has failed to respond to the court's Order to Show Cause.  No payment has been received, nor has Plaintiff shown cause why he has no assets and no means by which to make the monthly payments for the months of February 2009 through September 2009.  Plaintiff, therefore, has not complied with the court's September 2, 2009 Order to Show Cause.

## DISCUSSION

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the circuit court enumerated the factors to be considered when evaluating grounds for dismissal of an action.  The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the

efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chemicals, et al.*, 167 F.R.D. 90, 101 (D. Colo. 1996).

I.    ***Prejudice to the Defendant***

From a review of his case file, the court finds that Plaintiff's failure to provide either a monthly payment or to demonstrate his inability to pay by presenting a verified copy of his inmate account, has not delayed the progression of his case toward resolution, nor have defendants been prejudiced or adversely impacted.  The court notes, however, that the purpose behind requiring prisoners to pay their filing fee is to deter frivolous prisoner litigation. *Williams v. Roberts*, 116 F.3d 1126, 1127–28 (5th Cir. 1997).  Defendants, like the courts, are burdened by frivolous cases.  Thus, the defendants certainly are affected by noncompliance with filing rules that seek to decrease frivolous litigation.  In addition, as the circuit court explained in *Cosby v. Meadors*, 351 F.3d 1324, 1326–27 (10th Cir. 2003):

> The issue here is not money *per se*. The issue, rather, is respect for the judicial process and the law.  Plaintiff must lose his right to pursue his claim in court because of his utter unwillingness to make the minor sacrifices required by statute and by the repeated directives of a patient district court.  In disposing of this appeal, we have occasion to set forth the duties of indigent prisoners with respect to the payment of filing fees.

These fee provisions are intended to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees. (internal quotations and citations omitted).

II.   ***Interference with the Judicial Process***

The Plaintiff has failed to comply with this court's Order to Show Cause issued September 2, 2009.  Plaintiff's failure to follow the court's Order with respect to his obligation

to pay the filing fee, and the court's continual review of his file and issuance of orders regarding the filing fee increase the workload of the court and interfere with the administration of justice.

### III.    *Culpability of the Plaintiff*

Plaintiff has, without any reasonable excuse, ignored the Order to make payments towards the filing fee or to show cause why he could not. (Doc. No. 9.) Plaintiff was Ordered thereafter to show cause why his case should not be dismissed for the failure to make payments or to show cause why he could not. (Doc. No. 71.) Plaintiff failed to comply with both Orders. From this the court must conclude that Plaintiff is responsible for his noncompliance.

### IV.    *Advance Notice of Sanctions of Dismissal for Noncompliance*

Plaintiff was warned that he risked dismissal of his case if he continued to fail to make payments towards the filing fee or to show cause why he could not. (Doc.71.) Despite that warning, Plaintiff failed to make any adequate showing excusing his failures to comply with this court's orders to make his monthly payments or show cause why he could not.

### V.    *Efficacy of a Lesser Sanction*

Finally, the court concludes that no sanction less than dismissal would be effective. The Plaintiff is proceeding *in forma pauperis*; consequently, a monetary sanction would be ineffective. Because the injury from Plaintiff's failures to comply principally is to the judicial system, and not to defendants, a sanction limiting evidence would bear no substantial relation to the misconduct. Under these circumstances, no lesser sanction would be effective and dismissal without prejudice is an appropriate sanction. Accordingly, it is

**RECOMMENDED** that the Complaint (Doc. No. 24) and cause of action be **DISMISSED WITHOUT PREJUDICE**.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining*

*Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 24th day of September, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge